CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 03 2013

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES D. FURROW, JR., | ) |
| | ) Civil Action No. 7:12CV00478 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, James D. Furrow, Jr., was born on July 28, 1962. Although plaintiff left school early to go to work, he later earned a GED. Mr. Furrow was employed for almost thirty years as a sheet metal worker. He last worked on a regular basis in 2009. On August 10, 2010, plaintiff filed an application for a period of disability and disability insurance benefits. Mr. Furrow alleged that he became disabled for all forms of substantial gainful employment on September 1, 2009 due to

neuropathy in both feet. He now maintains that he has remained disabled to the present time. The record reveals that Mr. Furrow met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 416(i) and 423(a).

Mr. Furrow's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 16, 2011, the Law Judge also determined that plaintiff is not disabled. The Law Judge determined that Mr. Furrow suffers from a severe impairment on the basis of peripheral neuropathy of the feet, secondary to alcohol abuse. Because of this condition, the Law Judge found that plaintiff is disabled for his past relevant work as a sheet metal fabricator. However, the Law Judge held that Mr. Furrow retains sufficient functional capacity to perform a limited range of light work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot climb ladders/ropes/scaffolds and can only occasionally climb stairs, balance, kneel, or crawl. Further, he should avoid concentrated exposure to hazards such as unprotected heights and moving machinery.

(TR 18). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Furrow retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Furrow is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Furrow has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's denial of plaintiff's claim for benefits is supported by substantial evidence. However, the court does not believe that all of the Administrative Law Judge's findings are consistent with the medical record. As noted above, the Administrative Law Judge found residual functional capacity for a limited range of light work activity. Based on the essentially undisputed reports from plaintiff's treating physician, and considering testimony from the vocational expert, the court concludes that Mr. Furrow has established disability for anything more than sedentary levels of work. Nevertheless, the court believes that the vocational expert's testimony supports a finding that Mr. Furrow can still perform several specific work roles within the sedentary category. Thus, it follows that the Commissioner's denial of plaintiff's claim for benefits is supported by substantial evidence.

The medical record establishes that plaintiff suffers from severe neuropathy in his feet. He has also been treated for a variety of other conditions, including chronic low back pain, hypertension, elevated triglycerides, alcohol dependence, and emotional difficulties based on depression and anxiety. At the administrative hearing, Mr. Furrow testified that he quit work because of the

3

neuropathy, (TR 32), and it is abundantly clear that this condition now represents his most significant work-related physical problem. Clinical notes from one of plaintiff's treating physicians, Dr. Paula Martin, indicate that his peripheral neuropathy is subject to some measure of control through medication. Indeed, the treatment chronology suggests that plaintiff's neuropathy improved somewhat after he quit his job in which he was required to do substantial standing and walking. In a statement of plaintiff's physical ability for work-related activities dated October 7, 2011, Dr. Mark Swanson, a pain management specialist, indicated that Mr. Furrow could not be expected to stand or walk for more than two hours in a regular work day. (TR 256). While Dr. Swanson indicated that plaintiff "is not safely or reliably employable," he reported that Mr. Furrow could be expected to sit throughout a regular work day as long as he is permitted to alternate between sitting and standing as necessary. (TR 257-59). At the administrative hearing, the vocational expert testified that such vocational restrictions "place[ ] this within the sedentary classification." (TR 56).

Based on the reports of Dr. Martin and Dr. Swanson, the court concludes that Mr. Furrow has met the burden of proof in establishing disability for anything more than sedentary levels of physical activity. However, at the administrative hearing, the vocational expert testified that, even assuming restriction to sedentary levels of work, there would be several jobs that plaintiff could perform, considering his age, education, and prior work experience. (TR 56-57). As for the work-related limitations identified by Dr. Swanson, the court notes that several of these alternate work roles are such as would permit performance in either a seated or standing position. In short, the court believes

that the vocational expert's testimony supports a finding of residual functional capacity for alternate work roles, even given plaintiff's disability for anything other than sedentary levels of work.[1]

There are two additional, complicating factors in Mr. Furrow's case. As previously noted, plaintiff suffers from emotional difficulties, including anxiety and depression. He has received psychiatric treatment on several occasions, beginning on November 3, 2010. At that time, the examining psychiatrist, Dr. Jitendra Desai, diagnosed severe depression and generalized anxiety. The psychiatrist assessed plaintiff's GAF at 59.[2] (TR 252). The remainder of the treatment notes were completed by Dr. Desai's assistant, Susan Albanowski. In notes compiled later in November and December of 2010, Ms. Albanowski noted improvement in plaintiff's condition. On those occasions, she listed Mr. Furrow's GAF as 60. (TR 249, 250). No unusual manifestations were listed in the clinical notes from those sessions. However, in evaluations completed in November of 2011, Ms. Albanowski produced findings which indicate that plaintiff's emotional conditions were totally disabling in overall impact. (TR 264-65). On November 14, 2011, the physician's assistant listed plaintiff's GAF as 52. (TR 268).

The Administrative Law Judge determined that plaintiff's emotional problems are not so severe as to affect his performance of the simple, unskilled work roles for which he is otherwise

---

[1] In passing, the court notes that it would appear that Mr. Furrow must now be deemed disabled under the provisions of the medical vocational guidelines. Given plaintiff's age and educational level, the vocational expert's finding of no transferrable skills, and residual functional capacity for no more than sedentary levels of exertion, the medical vocational guidelines direct a determination of disabled when plaintiff attained the age of 50 on July 28, 2012. See Rule 201.14 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. However, since Mr. Furrow did not reach the age of 50 until after the Administrative Law Judge's decision, the medical vocational guidelines provide no help to him in the instant case.

[2] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

5

physically capable. While the evidence is in conflict, the court must conclude that the Law Judge's finding in this regard is supported by substantial evidence. The simple fact is that at the time plaintiff was first seen and treated in late 2010, no severe or disabling emotional manifestations were noted by the psychiatrist or his assistant. On those occasions, plaintiff's GAF was assessed at 59 or 60. Mr. Furrow was said to have made some progress with routine psychiatric intervention and medication. There is no indication that Mr. Furrow required regular psychiatric treatment in 2011. Even at the time of the assessments indicating disability, Ms. Albanowski noted a GAF of 52, which is indicative of no more than moderate emotional limitations. Considering all of these circumstances, the court believes that the Law Judge might reasonably conclude that Mr. Furrow's emotional limitations are not so severe as to constitute or contribute to an overall disability.

On appeal, plaintiff also contends that the Commissioner failed to give proper account to medical evidence that was submitted for the first time to the Social Security Administration's Appeals Council. It seems that very soon after the Law Judge rendered his opinion, Mr. Furrow's doctors determined that plaintiff had developed stage 3 rectal cancer. While the Appeals Council noted receipt of the medical evidence developed during the diagnosis and treatment of plaintiff's rectal cancer, the Appeals Council did not elaborate on its reasoning in concluding that the new submissions were not such as to justify further review of the Law Judge's decision. Mr. Furrow now argues that his case should be remanded to the Commissioner so that the medical evidence generated during the treatment of his rectal cancer can be considered along with all the other evidence in the case. See Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011).

The court finds no cause for further consideration as to the issue of plaintiff's entitlement to benefits as of the date of the Administrative Law Judge's opinion. There is no indication that

plaintiff's rectal cancer affected his capacity for work, either before or after the date of the Commissioner's final decision on his application for disability insurance benefits. Thankfully, it now appears that plaintiff's rectal cancer was successfully treated. However, there is absolutely no reason to believe that the incidence of cancer or the treatment received by Mr. Furrow, were such as to impact the decision made by the Commissioner on his application for disability insurance benefits.

In summary, the court concludes that the Commissioner's final decision denying plaintiff's application for disability insurance benefits is supported by substantial evidence. While the court believes that the plaintiff now qualifies for disability insurance benefits, with an onset date corresponding to his fiftieth birthday, the court finds that the record supports the Commissioner's determination that plaintiff was not disabled within the meaning of the Act at any time on or before the date of the Administrative Law Judge's opinion. It follows that the Commissioner's final decision must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Furrow was free of all pain, discomfort, and emotional difficulties during the period adjudicated by the Commissioner. Indeed, the medical record confirms that plaintiff suffered from a very serious condition which can be expected to result in significant pain and discomfort in the lower extremities. However, it must again be noted that the doctors who treated plaintiff's neuropathy produced findings consistent with the notion that Mr. Furrow could engage in sedentary forms of work activity. It must be recognized that the inability to work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). The court believes that the Commissioner took into account all of the subjective factors reasonably supported by the

medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 3rd day of June, 2013.

*/s/ Glen Conrad*
Chief United States District Judge